IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MACIE WOODS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 1:24-cv-416 |
| ) | |
| SURFSIDE SERVICES, LLC., ) | JURY DEMAND |
| ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991; the Pregnancy Discrimination Act, Section 701(k) and the Pregnant Workers Fairness Act (PWFA), 42 U.S.C. Section 1981a.

## II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202. Venue is proper in the Southern District of Alabama under 28 U.S.C. §1391(b), and the Southern Division pursuant to Title VII's venue

provision, 42 U.S.C. § 2000e-5(f).

3. Plaintiff, Macie Woods, (hereinafter "Plaintiff") has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her initial charge of discrimination on October 13, 2023, which was within 180 days of the occurrence of the last discriminatory acts she endured. Plaintiff is filing this lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the Equal Employment Opportunity Commission, which was issued on September 5, 2024.

### III. PARTIES

4. Plaintiff, Macie Woods, (hereinafter "Plaintiff") is a citizen of the United States and a resident of the State of Alabama and is over nineteen (19) years of age.

5. Defendant, Surfside Services, LLC., (hereinafter "Defendant") is an entity subject to suit under Title VII and employs at least fifteen (15) persons.

### IV. FACTUAL ALLEGATIONS

6. Plaintiff began working for Defendant around August 15, 2023, as a Customer Service Representative.

7. During Plaintiff's employment she was never disciplined, and she did her job well.

8. Plaintiff reported to Keenan Christopher Olson, whose job title was Chief

Financial Officer, and he was one of the owners of the company.

9. During her employment, Plaintiff witnessed Olson engage in verbally abusive attacks on women who worked for him, calling them things like "fucking retard" and constantly making sexual jokes and comments indicating his utter disrespect towards women.

10. All of the women working at Defendant either worked in customer service or house cleaning.

11. Plaintiff learned she was pregnant around the third week of September 2023.

12. Plaintiff went to the doctor around September 19, 2023, to make sure everything was okay with her baby, and returned to work after leaving the doctor.

13. On or around September 22, 2023, Plaintiff informed Olson she had just learned she was pregnant, and she asked Olson if he would allow her health insurance to start earlier than the October 15, 2023, scheduled health insurance start date because of her pregnancy.

14. Olson asked Plaintiff when she had started working with him and what number kid this was for her.

15. Plaintiff told Olson this would be her third child, but the second she had birthed because she had adopted her oldest child.

16. Plaintiff also let Olson know her start date.

17. When Olson did not respond to Plaintiff's request to get on the company insurance plan early, Plaintiff again asked Olson about the insurance, but he ignored her question and started talking about something else.

18. On Friday September 29, 2023, Plaintiff was out of work for a previously scheduled and approved off day.

19. When Plaintiff returned to work on October 2, 2023, Olson fired her.

20. Olson told Plaintiff that her customer service skills were not up to his standards, and he could not teach her.

21. Olson had not taught or tried to teach Plaintiff anything during her employment.

22. Plaintiff never learned of any customer complaints during her employment with Defendant, and even if there were customer complaints, customers had complained about other employees who were not pregnant, and those employees were not terminated.

23. Olson's reasons for firing Plaintiff were false and pretextual.

24. Defendant fired Plaintiff because of her pregnancy.

25. Defendant's articulated reason for terminating Plaintiff is not legitimate, and Defendant's stated reasons are a pretext created to hide the fact that it terminated Plaintiff because she was pregnant.

26. In the alternative, even if Defendant had a legitimate reason for terminating

Plaintiff, her sex/pregnancy remained at least a motivating factor in the termination decision.

27. Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

28. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, liquidated, compensatory and punitive damages is her only means of securing adequate relief.

29. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.  CAUSES OF ACTION

### A.  COUNT I – Sex/Pregnancy Discrimination Termination

30. Defendant discriminated against Plaintiff based on her sex/pregnancy by terminating her.

31. Defendant's articulated reasons for these adverse employment actions described in the facts of this complaint are not legitimate; in the alternative, Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her, sex/pregnancy was at least a motivating

factor in the adverse employment actions Defendant took against her.

32. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

33. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and the damages sought in this complaint are her only means of securing adequate relief.

34. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

    **B.    COUNT II – Violation of the Pregnant Workers Fairness Act by Failing to Reasonably Accommodate Plaintiff and Taking Adverse Employment Actions Against Plaintiff**

35. Defendant refused to provide reasonable accommodations related to plaintiff's pregnancy, such as allowing her to start her health insurance early as she had requested.

36. Defendant refused to accommodate Plaintiff's request and instead terminated her employment to avoid having to provide her with additional accommodations that she would need as her pregnancy progressed.

37. Defendant cannot demonstrate that accommodating Plaintiff would impose an undue hardship on the operation of its business.

38. Defendant refused to engage in the interactive process with Plaintiff to determine a reasonable accommodation for her pregnancy; rather, Defendant ignored her request to start her insurance early and then terminated her employment.

39. Defendant took adverse employment actions against Plaintiff on the account of Plaintiff requesting a reasonable accommodation for her pregnancy including terminating Plaintiff's employment.

40. Defendant's rejection of Plaintiff's request for accommodations, which led to her termination, violated the Pregnant Workers Fairness Act.

41. As a result of Defendant's failure to accommodate, Plaintiff has suffered monetary damages including lost wages, and non-economic compensatory damages including, pain, humiliation, mental anguish, and suffering.

## VI. DAMAGES

42. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

43. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of Defendant's unlawful conduct.

44. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for reinstatement into her manager job or front pay if reinstatement is not possible, backpay, declaratory judgment, injunctive relief, compensatory damages and punitive damages is her only means of securing adequate relief.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement into the position she would have held absent discrimination, backpay, front pay if reinstatement is not possible, declaratory judgment, injunctive relief, and compensatory and punitive damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and

expenses and post judgment interest.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Dated: 11/14/24

>Respectfully submitted,
>
>/s/ Jon C. Goldfarb
>Jon C. Goldfarb asb-5401-f58j
>L. William Smith asb-8660-a61s
>Christina M. Malmat asb-1214-y44q
>Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500